497 F.2d 172
 UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Villareal RODRIGUEZ, Carlos Gomez Castillo, and
Teodoro Jardon Tobar, Defendants-Appellants.
No. 73-4020 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of N.Y. et al., 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 July 18, 1974.
 
 John H. Miller, Jr., Sinton, Tex., Fred H. Dailey, Jr., Houston, Tex., for defendants-appellants.
 Anthony J. P. Farris, U.S. Atty., James R. Gough, Asst. U.S. Atty., Anna E. Stool, Staff Atty., Houston, tex., for plaintiff-appellee.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 CLARK, Circuit Judge:
 
 
 1
 On this appeal from their conviction for possession of marijuana with the intent to distribute it in violation of 21 U.S.C. 841(a)(1) and18 U.S.C. 2, Frank Rodriguez, Carlos Castillo and Teodoro Tobar make three arguments for reversal: (1) their retrial after the first jury was discharged for failure to agree placed them twice in jeopardy; (2) the search through which the marijuana was discovered and seized violated their fourth amendment rights; and (3) the district court erred in not dismissing the indictment since the time between arraignment and trial was longer than that prescribed by the Plan for the United States District Court for the Southern District of Texas For Achieving Prompt Disposition of Criminal Cases (the Plan), adopted pursuant to Rule 50(b) of the Federal Rules of Criminal Procedure.[1] We reject arguments (1) and (2) and affirm these rulings of the district court on the basis of its discussion of such contentions. 375 F.Supp. 589. Argument (3) merits additional attention.
 
 
 2
 The Plan's time limitations require that trial commence within 90 days of a plea of not guilty for a defendant who is not in custody. The Plan's enforcement provisions provide that the court may take such action as it deems appropriate for failure to comply with maximum time limits under the Plan including, but not limited to, dismissal of the action for unnecessary delay as provided in Rule 48 of the Federal Rules of Criminal Procedure. The Plan also provides that the court may extend any time limit specified in the Plan for a particular case by entering an order of extension therein; and further provides that the court may grant continuances which will justify extensions of specific time periods applicable to a particular case, but only if the court takes into account 'the public interest in the prompt disposition of criminal charges and the interest of the defendant in a speedy trial.' Among the reasons which the Plan expressly provides may justify a continuance is 'any period of delay occasioned by exceptional circumstances.'
 
 
 3
 There was an elapsed time of 169 days from the date of arraignment until the first trial of these defendants commenced, during which time they were released on bail. Based upon lack of compliance with the Plan's 90-day limitation period, the defendants moved to dismiss the indictment. After their conviction at the second trial, in an order denying defendants' motion for a new trial, the district court refused to dismiss the indictment, based both on Sixth Amendment speedy trial grounds and on grounds of non-compliance with the Plan. In support of its refusal the court stated:
 
 
 4
 It cannot be said in this instance that the length of time between the indictment and trial justifies such a dismissal. The defendants have not been denied their Sixth Amendment right to a speedy trial. Here, the length of delay . . . was occasioned solely by the extremely congested docket of this Court; the defendants failed, prior to the trial date, to request an earlier trial; the defendants have shown no prejudice accruing from the delay, such as the loss of vital witnesses.
 
 
 5
 The principal focus in Rule 50(b) is on the public interest in the quick, efficient functioning of the criminal justice process. Implicit in adoption of the rule is that this public interest is not adequately safeguarded by the protections accorded defendants through the speedy trial clause of the Sixth Amendment and Rule 48(b).[2] See Committee Note to Proposed Rule 45 Alternative Draft No. 1, 8A J. Moore, federal Practice P50.02(2), at 50-9 (2d ed. 1973). The Plan for the Southern District of Texas, as do all these plans in this circuit, seeks to meet this mandate to consider the added dimension of public concern by creating new responsibilities, setting up new procedures and establishing specific maximum time limits for the occurrence of each step in the criminal process.
 
 
 6
 In the instant case the district judge stated that he considered the defendants' failure to demand trial and their failure to show prejudice. These considerations are, of course, part of the balancing test demanded by Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) to determine whether the defendants' constitutional right to a speedy trial was violated. However, questions of compliance with 50(b) plans in this circuit demand the use of a broader calculus. Such considerations are only a beginning in determining whether non-compliance with the Plan's time limits requires dismissal of an indictment. Their relationship to the public interest which the Plan was intended to emphasize is, at most, attenuated. The Plan itself provides that lack of prejudice 'shall not justify non-compliance.' It likewise clearly states that the Plan is 'applicable to all criminal actions without any necessity for demand by the defendant.' The uniqueness of these plans is that they place an affirmative duty on the government to bring the accused to trial. In judging plan compliance, consideration of lack of prejudice to the defendant or demand for trial by the defendant could serve to transpose a part of this burden to the accused. It is the duty of the prosecutor and the court to make these plans work. Therefore, on this appeal we limit our test of the validity of the denial of the defendants' motion to dismiss to the basis set out by the court below as the sole cause of the delay-- the court's extremely crowded docket.
 
 
 7
 In 1971 the second circuit, pursuant to its supervisory powers over the district courts in that circuit, promulgated a speedy trial plan for those courts. See United States ex rel. Frizer v. McMann, 437 F.2d 1312 (2d Cir. 1971). That circuit, in interpreting its plan, has held that when a delay is attributable to the government, it can assert that such delay was occasioned by 'exceptional circumstances' notwithstanding the prosecutor's failure to move for a continuance before the time limits of the plan expired; United States v. Rollins, 475 F.2d 1108 (2d Cir. 1973). Similarly, the fact that the trial judge did not consider whether an extension of time was justified under the plan until after its time limits had expired does not invalidate his action here. The Plan is explicit in this regard. Extensions may be granted by the court before fore or after the particular period to be extended has run.[3]
 
 
 8
 The Plan does not require dismissal for delays which are necessary, i.e., beyond the control of the court or prosecution. It is intended to expedite the processing of criminal cases-- not to lay a snare for an overburdened court system. The numerous 'safety valves' which have been written into the Plan make it plain that it is not intended to impose arbitrary or impractical penalties on the system of criminal justice it seeks to expedite. On the other hand, delays caused by prosecutorial or judicial inefficiency or neglect, i.e., correctible faults, are within the aim of the Plan.
 
 
 9
 On the merits of the case at bar, the issue is whether the trial judge's extremely congested docket was a proper reason for extending the trial time fixed by the Plan. Factors which cause a court's trial docket to become exceptionally crowded may constitute a 'period of delay occasioned by exceptional circumstances,' where they result from a temporary overload of the system due to major trials or unusually large numbers of criminal filings. On the other hand, where a crowded criminal docket stems from failure to give the preference to criminal cases which is required by Fed.R.Crim.P. 50(a) and by the Plan, dismissal may be warranted. Then too, if a particular court's criminal docket is chronically crowded, plan times are delayed with any frequency and no remedy can be devised, the court should consider amending the Plan to accord with the realities of the situation. However, in the instant case, given the district judge's finding that the delay was due to an exceptionally crowded docket, we decline to require dismissal.
 
 
 10
 The Plan requires that reasons for entering an order of extension be embodied in the order. The Second Circuit has further required that a district judge make findings indicating why a delay ostensibly in violation of that circuit's speedy trial plan should be excused by one of its exceptions where the source of the delay was in the United States Attorney's office and further fact finding was appropriate. See, e.g., United States v. Scafo, 470 F.2d 748 (2d Cir. 1972); United States v. Valot, 473 F.2d 667 (2d Cir. 1973). A statement of the facts underlying the district judge's findings in the instant case would have been helpful to this court. However, the absence of explanatory comment leaves it sufficiently implicit that the crowded docket was one that resulted from inadequate judicial resources to warrant our affirmance.
 
 
 11
 The remedial requirements of the 50(b) plans in this circuit are still new. Understandably, busy districts may find it difficult to operate under them impeccably. Some miscalculation in applications to individual cases is to be anticipated. Nevertheless, strict sensitivity to the requirements of these plans must be the standard if they are to achieve the high purposes for which they are intended. Because that fidelity was not lacking here, the decision appealed from is
 
 
 12
 Affirmed.
 
 
 
 [1]
 Rule 50(b) requires each district court to prepare 'a plan for the prompt disposition of criminal cases which shall include rules relating to time limits within which procedures prior to trial, the trial itself, and sentencing must take place.' The 50(b) Plan for the Southern District of Texas was duly submitted and approved by the reviewing panel as further provided in the rule
 
 
 [2]
 See generally, Judge Godbold's article, Speedy Trial-- Major Surgery for a National Ill, 24 Ala.L.Rev. 265 (1972)
 
 
 [3]
 Challenges to plan compliance will usually arise in response to a motion to dismiss. Again, no affirmative action by a defendant should become a prerequisite. The court or the prosecutor may be the initiating source. In any event, the question to be resolved is whether, considering the public interest, alongside the defendant's extraplan rights, the delay is one that the purposes and the language of the Plan can tolerate. The fact that the United States Attorney's office has not sought a continuance or extension and the court, sua sponte, has not granted such relief before a defendant moves for dismissal does not control the resolution of these questions