**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**William B. CLENDENING,
Defendant-Appellee.**

No. 74–4103.

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1976.
Rehearing Denied Feb. 25, 1976.

Anthony J. P. Farris, U. S. Atty., Jack O'Donnell, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellant.

T. D. Smith, William E. Heitkamp, Houston, Tex., for defendant-appellee.

Before GOLDBERG and AINSWORTH, Circuit Judges, and NICHOLS,[*] Associate Judge.

AINSWORTH, Circuit Judge:

The United States appeals from dismissal by the District Court of an indictment charging William B. Clendening with three counts of attempted evasion of income taxes in violation of 26 U.S.C. § 7201. The Government contends that the trial court erred in predicating its dismissal with prejudice on alleged noncompliance with the District Court's Rule 50(b) Plan for Achieving Prompt Disposition of Criminal Cases of the Southern District of Texas.[1] The Plan establishes time limits within which pro-

---

[*] Of the U. S. Court of Claims, sitting by designation.

[1] Relevant portions of the Rule 50(b) Plan provide:

   2. *Maximum Time Requirements.*

   Subject to the provisions of section 3 hereof, the Judges of this Court will observe the following time limits, which are deemed to be maximum time limits:

   .    .    .    .    .

   (b) *Trial.*

   The trial shall commence within 60 days after a plea of not guilty, if the defendant is held in custody, or within 90 days if he is not in custody.

   .    .    .    .    .

   (e) The time requirements of this Plan are applicable to all criminal actions without any necessity for demand by the defendant. *See also* notes 3 and 6, *infra.*

cedures prior to trial, the trial itself, and sentencing must take place, in the absence of justifiable delays. Although these time limits were exceeded in the prosecution of the present case, the delays involved did not warrant dismissal under the Plan, and we therefore reverse.

The time limitation applicable in Clendening's case is the requirement that trial commence within 90 days after a plea of not guilty if the defendant is not in custody. Where time limits such as this 90-day period are not complied with, the Plan vests discretion in the District Court to take such action as it deems appropriate, including, but not limited to, dismissal of the action for unnecessary delay as provided in Rule 48 of the Federal Rules of Criminal Procedure.[2] While the Plan contemplates that this

discretion be exercised in a manner which will expedite the administration of criminal justice, it also recognizes that the practical realities of criminal litigation do not allow a mechanical application of the prescribed time limits. Thus, the Plan provides that any time period prescribed under its rules may be extended by the Court before or after the particular period to be extended, and lists a number of reasons for granting such extensions.[3] The enumerated reasons which are most pertinent here involve periods of delay resulting from continuances granted on the basis of reasonable requests made by or with the consent of the defendant or his counsel and continuances granted on the basis of delays "occasioned by exceptional circumstances." The Plan further provides that a court shall grant such continuances

**2.** Rule 48(b) provides:

> If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

A dismissal of a speedy trial claim pursuant to Rule 48 is not mandatory unless the defendant's constitutional speedy trial rights have been violated. See *United States v. Palmer,* 5 Cir., 1974, 502 F.2d 1233, 1234 n. 3. In this appeal, appellee Clendening has not claimed any violation of his constitutional right to a speedy trial, nor do we find any such violation.

**3.** 3. *Extension of Time Limits.*

> Any period of time prescribed by these rules may be extended by the Court before or after the particular period to be extended has run. The reason for granting any such extension shall be set out as a part of the order of extension. Among other reasons, the Court may take into consideration:
> (a) A reasonable period of delay resulting from other proceedings concerning the defendant, including, but not limited to, proceedings for the determination of competency and the period during which he is incompetent to stand trial, extraordinary pre-trial motions, stays, interlocutory appeals, trial of other charges, and the period during which such matters are under consideration.
> (b) The period of delay resulting from continuances granted by the Court. The Court shall grant such continuances only if it is

satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt disposition of criminal charges and the interest of the defendant in a speedy trial. Reasons for granting continuances may include but need not be limited to:
(i) a reasonable request made by or with the consent of the defendant or his counsel;
(ii) the unavailability of evidence material to the government's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available within a reasonable period;
(iii) reasonable additional time needed to prepare the government's case when justified by exceptional circumstances;
(iv) the absence or unavailability of the defendant;
(v) inability to proceed to trial as to one or more co-defendants when there is good cause for not granting a severance;
(vi) detention of the defendant in another jurisdiction, provided the prosecuting attorney makes a showing that he has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial;
(vii) lack of counsel for the defendant if it is the result of reasons other than the failure of the Court to provide counsel for an indigent defendant or the insistence of the defendant on proceeding without counsel;
(viii) any period of delay occasioned by exceptional circumstances.

"only if it is satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt disposition of criminal charges and the interest of the defendant in a speedy trial."

Clendening was indicted by a federal grand jury in Houston, Texas on March 22, 1972, and was arrested and released on bond five days later. After his arraignment on May 5, his case was set for trial on June 6, 1972. At that time, the defendant moved for a continuance because the defense attorney wished to employ a C.P.A. to analyze the Government's data. Despite Government objection, Judge Noel granted a continuance until September 11, 1972. When that date arrived, the defendant filed a second motion for continuance which was also granted. More than a year had elapsed before the case was again set for trial on October 15, 1973. The Southern District's Rule 50(b) Plan came into effect during this period, on March 9, 1973. Two weeks prior to the October 15, 1973 trial date, defense counsel again moved for a continuance to enable him to go to Japan, apparently for business purposes. The motion was granted and trial was continued until November 26, 1973. Prior to that date, the case was reset by order of the Court to January 7, 1974. On January 7 and 8, the Court conducted a hearing on the defendant's motion to suppress evidence. Briefs were to have been filed shortly thereafter, but because of a misunderstanding as to whose brief was due first, together with a changeover in the personnel handling the case in the office of the United States Attorney, the Government's brief on the suppression motion was not filed until June 24, 1974, and the defendant's final response to that brief was not filed until September 3, 1974. On October 7, 1974, the case was transferred from Judge Noel to Judge Seals, who promptly denied the motion to suppress and set the case for trial on November 4, 1974. On October 15, the defendant moved to dismiss, claiming lack of speedy trial and noncompliance with the Rule 50(b) Plan. Following a hearing on this motion, held

October 31, 1974, Judge Seals dismissed the indictment, relying on our decision in another case from the Southern District of Texas, *United States v. Rodriquez*, 5 Cir., 1974, 497 F.2d 172, and pointing to the fact that the delays there were substantially shorter than those in Clendening's case.

In his findings of fact and conclusions of law, Judge Seals noted the delay of two years and seven months between Clendening's indictment and the scheduled November 4, 1974 trial date, and concluded, "this Court is convinced that it's compelled to dismiss this case by the reasoning of Judge Charles Clark in *United States v. Rodriquez*." In reaching this conclusion, Judge Seals stated,

"This Court is aware, of course, of the local plan and this Court is aware also of the proposed pending legislation in Congress now that will compel the Government to try everybody within sixty days of an indictment. I really don't see how that's going to be achieved, having served as a former United States Attorney and knowing of the problems of bringing cases to trial. I also fail to see how, with the present number of judges assigned to this district, how the Court will be able to try all criminal cases unless we just stop trying civil cases and devote all our attention to criminal matters. But this plan was promulgated in good faith in response to a mandate of Congress and we have to do the best we can. I am happy that this is not a case of a person charged with armed robbery. But if it was, I would have no alternative under the facts that have been presented to me in this Record."

It is quite apparent from the tenor of these remarks that Judge Seals felt that *Rodriquez* left him no discretion in the matter and compelled dismissal of the indictment. A careful reading of *Rodriquez*, however, does not support this interpretation.

██ In *Rodriquez*, we held that the Rule 50(b) Plan did not require dismissal of an indictment charging possession of

marihuana with intent to distribute, where the delay in reaching trial was due to an exceptionally crowded criminal docket. As Judge Seals correctly noted, we emphasized in that case that "[t]he principal focus in Rule 50(b) is on the *public interest* in the quick, efficient functioning of the criminal justice process." 497 F.2d at 175 (emphasis in original). We also noted that the demands of the plan are stricter in many respects than the demands of the speedy trial clause of the Sixth Amendment. Thus, the factors that must be assessed in evaluating a constitutional speedy trial claim under *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972),

> are only a beginning in determining whether non-compliance with the Plan's time limits requires dismissal of an indictment. Their relationship to the public interest which the Plan was intended to emphasize is, at most, attenuated. The Plan itself provides that lack of prejudice "shall not justify non-compliance." It likewise clearly states that the Plan is "applicable to all criminal actions without any necessity for demand by the defendant." The uniqueness of these plans is that they place an affirmative duty on the government to bring the accused to trial. In judging plan compliance, consideration of lack of prejudice to the defendant or demand for trial by the defendant could serve to transpose a part of this burden to the accused. It is the duty of the prosecutor and the court to make these plans work.

497 F.2d at 175. While our opinion in *Rodriquez* thus made it apparent that the requirements of the Plan extend beyond the demands of the constitutional right to a speedy trial, and that we do not condone unjustifiable delay beyond the prescribed time limits under the Plan,[4] our holding clearly indicated that

dismissal is not necessary where extenuating circumstances justifying delay are present. In *Rodriquez,* we emphasized the fact that

> [t]he Plan does not require dismissal for delays which are necessary, *i. e.,* beyond the control of the court or prosecution. *It is intended to expedite the processing of criminal cases—not to lay a snare for an overburdened court system.* The numerous "safety valves" which have been written into the Plan make it plain that it is not intended to impose arbitrary or impractical penalties on the system of criminal justice it seeks to expedite. On the other hand, delays caused by prosecutorial or judicial inefficiency or neglect, *i. e.,* correctible faults, are within the aim of the Plan.

497 F.2d at 176 (emphasis added).

▮ In support of its contention that Judge Seals erred in dismissing Clendening's indictment with prejudice, the Government has argued that the Plan is not applicable to this case, since the indictment was returned a year before the Plan came into effect. It is well settled, however, that so long as a procedural innovation does not operate to the detriment of a defendant, it is applicable to pending cases even though some or all of the circumstances giving rise to a particular case occurred prior to the effective date of the new rule. *Beazell v. Ohio,* 269 U.S. 167, 170, 46 S.Ct. 68, 69, 70 L.Ed. 216 (1925).[5] Clendening's case is thus subject to the Southern District's Rule 50(b) Plan.

▮ Resolution of the issue of the Plan's applicability, however, does not imply that the trial judge's action in dismissing the defendant's indictment was proper. If the Plan is to achieve the fundamental purposes for which it was

---

**4.** *See also United States v. Shepherd,* 5 Cir., 1975, 511 F.2d 119, 124 n. 6.

**5.** *Thompson v. Missouri,* 171 U.S. 380, 385–88, 18 S.Ct. 922, 924–25, 43 L.Ed. 204 (1898); *Thompson v. Utah,* 170 U.S. 343, 351–52, 18 S.Ct. 620, 623, 42 L.Ed. 1061 (1898) (dictum);

*Wilson v. Estelle,* 5 Cir., 1974, 504 F.2d 562, 563; *Donald v. Jones,* 5 Cir., 1971, 445 F.2d 601, 604–605, *cert. denied,* 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543.

adopted, it is vital that district courts determine whether any of the Plan's "numerous 'safety valves'," *Rodriquez, supra,* at 176, are applicable before granting a dismissal with prejudice. It must be remembered that the principal aim of Rule 50(b) is to promote and safeguard the *public interest* in the quick, efficient functioning of the criminal justice process, *Rodriquez, supra,* at 175, and that in comparison, the concern to safeguard defendants' rights under the Plans is secondary. *United States v. Roemer,* 2 Cir., 1975, 514 F.2d 1377, 1381; *United States v. Flores,* 2 Cir., 1974, 501 F.2d 1356, 1360 n. 4. As stated in a Committee Note to a proposed draft of what eventually became Rule 50(b),

> [t]here is . . . a larger public interest in the prompt disposition of criminal cases which may transcend the interest of the particular prosecutor, defense counsel, and defendant. . . . It has long been said that it is the certain and prompt imposition of a criminal sanction rather than its severity that has a significant deterring effect upon potential criminal conduct. See Banfield and Anderson, Continuances in the Cook County Criminal Courts, 35 U.Chi.L.Rev. 259, 259–63 (1968).

Committee Note to Proposed Rule 45 Alternative Draft No. 1, 8A J. Moore, Federal Practice ¶ 50.02[2], at 50–9. The public interest in prompt trials embraces not only the concern for maximizing the deterrent effect of criminal sanctions, but also the concerns for preservation of proof, and minimizing the risk that pending trial the accused may commit other crimes, flee or threaten witnesses. *United States v. Furey,* 2 Cir., 1975, 514 F.2d 1098, 1103, *citing* ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial, Approved Draft, 1968, 10–11. Recognition of these policy considerations does not, of course, detract from the importance of the defendant's interest in and right to a speedy trial, but it does emphasize the importance of not allowing the administration of a Rule 50(b) Plan

"to lay a snare for an overburdened court system." *Rodriquez, supra,* at 176.

■ In dismissing Clendening's indictment, the District Judge relied exclusively on the length of delay from the time of indictment to the time of trial. He failed to consider that by far the greatest portions of the delay resulted from continuances requested by the defendant and from judicial delays in resetting the case for trial after some of the continuances were granted. The latter apparently reflected the extremely congested condition of the criminal docket in the Southern District of Texas. Under the Court's Rule 50(b) Plan, however, reasonable requests for continuances on the part of the defense are grounds for extending time limits, and our decision in *Rodriquez* made it clear that the condition of the docket in the Southern District constitutes an exceptional circumstance that likewise warrants time limit extension. 497 F.2d at 176. The District Court also did not give consideration to a number of other features of the Plan which operate to excuse significant portions of delay. Thus, the first year of delay occurred before the Plan came into effect, and even though the Plan was applicable to Clendening's case by the time of the final trial setting, it obviously did not become applicable until its effective date, March 9, 1973, and its time periods did not begin to run until that date. Moreover, the Plan allows for reasonable periods of delay resulting from "extraordinary pre-trial motions, stays, interlocutory appeals, trial of other charges, and the period during which such matters are under consideration." In light of the confusion surrounding the brief filing schedule, which was shared by the Clerk of the Court, and in view of the fact that even after the Government's brief on the suppression motion was filed, substantial additional delays were caused by the defendant's failure to file responsive briefs promptly, we do not view the delay associated with the suppression motion and hearing as unreasonable. Our review of the circumstances involved, in the context of the

"safety valves" provided by the Plan, convinces us that the delays involved were not so excessive as to justify dismissal with prejudice.

. **[10]** Clendening maintains that a further violation of the Plan occurred in that the United States Attorney failed to give prompt notice to the District Court that more than four months had elapsed since arraignment.[6] A letter to this effect was not sent to the trial judge until September of 1974. While the better practice would have been to file such a letter earlier, the failure to do so here was not sufficient to warrant dismissal of the indictment. Mere failure to comply with a notice formality designed to minimize the possibility of noncompliance through inadvertence is not enough to trigger the Plan's sanctions.

In light of our holding that the District Court erred in failing to appropriately exercise its discretion under the Plan, we need not reach the constitutional challenge to the Plan, *see Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring), or other nonconstitutional issues raised by the Government. Since we have all the facts before us concerning the delays involved and are convinced that the drastic sanction of dismissal with prejudice is unwarranted, judicial economy prompts us to conclude that remand to the District Court for reconsideration is unnecessary. We therefore reinstate the indictment and remand the case to the District Court for trial on the merits.

Reversed and remanded.

---

**6.** *Responsibility of United States Attorney.*

   (a) The Court shall have the sole responsibility for setting and calling cases for trial.

   . . .

   (c) Whenever a period of four months has elapsed following arraignment, or following remand for a new trial, and such case has not been set for trial by the Court, the United States Attorney will advise the Judge upon whose docket the matter is pending of this fact, and will state that the government is ready for trial,' or will be ready within a stated period of time, and will request a setting.