**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Laszlo KOPACSI, Defendant-Appellant.**

No. 76–2018
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Regis Kennedy, Metairie, La. (Court-Appointed), for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Appellant Laszlo Kopacsi was convicted after a jury trial of armed bank robbery and assault in connection therewith in violation of 18 U.S.C. § 2113(a) and (d). His conviction was affirmed by this Court, *United States v. Kopacsi,* 5 Cir., 1973, 488 F.2d 900. On June 12, 1975, Kopacsi was granted a new trial on the grounds of newly discovered evidence.[1] He was retried on March 12, 1976 and again found guilty by a jury.

Kopacsi contends on appeal that he was denied a fair trial because of his inability to contact a prospective alibi witness as the result of his incarceration. The contention is without merit. The transcript of the second trial shows that numerous witnesses were called on behalf of defendant in an attempt to show that he was in California about the time of the robbery in Louisiana. Moreover we know of no authority to the effect that incarceration prior to retrial, *per se,* amounts to a denial of a fair trial.

Appellant further contends that his incarceration from the time he was granted a new trial until the date of trial (nine months) was in contravention of the Bail Reform Act and the Plan for Achieving Prompt Disposition of Criminal Cases of the United States District Court for the Eastern District of Louisiana adopted pursuant to Rule 50(b); Federal Rules of Criminal Procedure. Appellant misconstrues the time limitation provided by the Plan. Time for retrial is computed not from the date of order granting a new trial but from the date on which that order becomes final, in the absence of justifiable delay.[2] The chronology of events between the order granting the new trial and the trial itself—including numerous motions by both the prosecution and the defense, in which the Government sought mandamus and reconsideration of the order granting a new trial, and appellant sought release, reduction of bail and a continuance—shows no undue delay. *Cf. United States v. Clendening,* 5 Cir., 1976, 526 F.2d 842; *United States v. Maizumi,* 5 Cir., 1976, 526 F.2d 848. Bail in the amount of $75,000 (reduced by this Court to $33,000 twenty-one days prior to the second trial) was not unreasonable considering the gravity of the offense. We find no abuse of discretion here. *See Smith v. United States,* 5 Cir., 1970, 434 F.2d 612.

AFFIRMED.

1. This evidence consisted of a Los Angeles, California motel registration card showing that a Laszlo Kopacsi checked into the motel on September 7, 1972, fourteen hours after the robbery.

2. Section 7 of the Plan provides in pertinent part:

Where a new trial has been ordered . . . it shall commence at the earliest practicable time, but in any event not later than 60 days

after the order therefor becomes final unless extended under section 3.

