**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Paul Douglass METHVEN, Defendant-Appellant.**

No. 76–2721

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1977.

Rehearing Denied April 4, 1977.

Eugene A. Medori, Jr., Decatur, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., James J. Froelich, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant Paul Methven was found guilty on eight counts of various crimes relating to a plan to extort six and a half million dollars from major oil companies, 18 U.S.C. §§ 371, 1951, 1952(A)(2), 1952(A)(3); 26 U.S.C. §§ 5861(d), 5871. He claims that the indictment against him should have been dismissed due to the government's failure to try him within the ninety-day mandatory time limit provided by the District Court's Rule 50(b) Plan for achieving prompt disposition of criminal cases. We disagree and affirm.

Methven was arrested in Virginia on September 27, 1975, and removed to the Northern District of Georgia on October 10, 1975. On November 5, 1975, the government moved for an extension of time within which to obtain an indictment against the appellant and his co-defendants due to the complicated nature of the case. Methven was finally indicted on December 2, 1975, and he entered his plea of not guilty six days later. On December 18, 1975, appellant filed a motion to dismiss the indictment on the grounds of entrapment. This motion was heard on January 12, 1976, and was denied. At that conference, appellant's counsel orally moved for dismissal based on the government's delay in bringing Methven to trial. A ruling was deferred at that time pending the filing of a formal written motion. This motion was not filed until March 1, 1976. A hearing was held on it on March 30, 1976, and the defendant went to trial the following day.

During the involved time frame, Methven's codefendants also filed various motions which had to be handled by the Magistrate.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

At the March 30th hearing on Methven's motion to dismiss before then District Judge James C. Hill, extensive testimony was taken from the Deputy Clerk for the Northern District, the United States Magistrate, United States District Judge William C. O'Kelly, the United States Attorney, the Assistant United States Attorney, and an F.B.I. agent. The thrust of the majority of the testimony elicited from these witnesses pertained to the working of the plan and to the circumstances surrounding the delay in bringing Methven to trial.

In Judge Hill's written memorandum denying appellant's motion, three findings of fact stand out: (1) During all times involved, there existed an exceptionally crowded criminal docket before the District's Magistrates; (2) the government was ready to try the case as of the December 18, 1975 pre-trial conference; and (3) the pre-trial conference scheduled for that date was not held due to the absence of Methven's counsel. Despite repeated attempts to find him, the only contact with Methven's lawyer was when he called the Magistrate at 5:05 p. m. and advised that he had filed additional motions. Judge Hill found from the uncontradicted evidence that had the conference been conducted, it appeared that all pending motions could have been resolved and the case certified for trial.

Under the plan adopted by the District Court to achieve the prompt disposition of criminal cases, the

> [t]rial of a defendant held in custody solely because he is awaiting trial shall commence within 90 days following the beginning of continuous custody.

Where a defendant has not been brought to trial within this time, the plan provides that:

> (e) A defendant in custody solely because he is awaiting trial and whose trial has failed to commence through no fault of the accused or his counsel shall be released subject to such conditions as the Court shall impose in accordance with 18 U.S.C. § 3146 . . .
>
> (c) The fact that a defendant may not have been prejudiced shall not justify

noncompliance with maximum time requirements established hereunder. The Court may take such other action as it deems appropriate for failure to comply with maximum time limits under this Plan, including, but not limited to, dismissal of the action for unnecessary delay as provided in Rule 48 of the Federal Rules of Criminal Procedure . . .

Incredibly the plan, as drawn at that time, did not provide for any extension of the 90-day period. Thus, as noted by Judge Hill, even if the defendant was critically ill, or his counsel was engaged in a protracted trial, or the defendant filed repeated motions requiring lengthy hearings, the defendant still had to be tried within the mandated time frame.

This Court has recently had several occasions to address similar questions of dismissal under similar district court plans.

In *United States v. Rodriguez*, 5 Cir. 1974, 497 F.2d 172, a case involving the Rule 50(b) Plan of the Southern District of Texas, we affirmed the District Court's refusal to dismiss the indictment against the defendant who had not been tried within the 90-day period. That plan's enforcement provision, like that of the plan involved here, stated that the court could "take such action as it deems appropriate for failure to comply with maximum time limits under the Plan including, but not limited to, dismissal of the action . . .." The District Court had determined that the length of the delay "was occasioned solely by the extremely congested docket of" the court. *Id.* at 175.

We stated that:

> The Plan does not require dismissal for delays which are necessary, i. e., beyond the control of the court or prosecution. It is intended to expedite the processing of criminal cases—not to lay a snare for an overburdened court system.
>
> * * * * * *

[G]iven the district judge's finding that the delay was due to an *exceptionally* crowded docket, we decline to require dismissal. *Id.* at 176 (emp. in original).

United States v. Clendening, 5 Cir. 1976, 526 F.2d 842, was another case involving the Rule 50(b) Plan for the Southern District of Texas. We reversed the granting of a dismissal for delay in that case because the District Judge had granted it only because it felt that United States v. Rodriguez, supra, compelled the dismissal. We emphasized in Clendening, however, that "dismissal is not necessary where extenuating circumstances justifying delay are present." Id. at 846; see United States v. Maizumi, 5 Cir. 1976, 526 F.2d 848, 851.

We have been able to find only one case from this circuit where we have affirmed a dismissal for violation of a District Court's Rule 50(b) Plan. In United States v. Novelli, 5 Cir. 1976, 544 F.2d 800 (1977), we specifically noted that in determining the reason for the delay, the district judge "did not consider the state of the docket to be compelling." Id. at 802. Novelli is thus distinguishable from Rodriguez, Clendening, and Maizumi. Further, the extraordinary state of the docket was found to be a justifiable reason for delay in United States v. Bloom, 5 Cir. 1976, 538 F.2d 704, and United States v. Pena, 5 Cir. 1976, 527 F.2d 1356.

Appellant's allegations of judicial and prosecutorial neglect and inefficiency notwithstanding, there is ample evidence to support Judge Hill's finding that the delay was occasioned by the Magistrate's exceptionally crowded criminal docket.

We note in closing that under the Plan, dismissal is not mandatory. Whatever sanction is to be imposed for failure to bring a defendant to trial within the 90-day period is left to the sound discretion of the district judge. We can find no abuse of such discretion in the instant case.

AFFIRMED.