UNITED STATES of America,

v.

Martin KOCH, Defendant.

No. 77 Civ. 641.

United States District Court,
S. D. New York.

Oct. 6, 1977.

David C. Patterson, Asst. U.S. Atty., New York City, for plaintiff.

Ira Leitel, Carol Mellor, Brooklyn, N. Y., for defendant.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By an oral motion to dismiss this indictment with prejudice, as untimely and "violative of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.", defendant tenders the issue of post-arrest/pre-indictment delay in this case.

The Speedy Trial Act itself as yet provides no sanctions for its violation, since we are now in what is euphemistically called the "phase-in period." See generally, *United States v. Carini*, 562 F.2d 144 (2d Cir., 1977). Our determination of this motion is therefore regulated by the "Plan for Prompt Disposition of Criminal Cases" (hereinafter the "Plan"), adopted by this District Court, approved June 22, 1976, effective July 1, 1976.

The Plan, ¶ 3 thereof, provides in relevant part as follows:

"3. *Time Within Which an Indictment or Information Must Be Filed.*

(a) *Time Limits.* If an individual is arrested or served with a summons and the complaint charges an offense to be prosecuted in this district, any indictment or information subsequently filed in connection with such charge shall be filed within the following time limits:

(1) If the arrest or service occurs before July 1, 1976, within 60 days of July 1, 1976."

The plan speaks in mandatory terms. But the provision relating to sanctions, with an exception not relevant, provides as follows [¶ 11(e)]:

"[F]ailure to comply with the time limits prescribed herein shall not require dismissal of the prosecution. The court retains the power to dismiss a case for unnecessary delay pursuant to rule 48(b) of the Federal Rules of Criminal Procedure."

In *Carini, supra,* several factors are mentioned which "should generally be considered," in dealing with the question of what should be done when the express commands of the Plan are violated. These are (1) the length of the delay; (2) the reason for the delay; (3) whether and when the defendant has asserted his right to a speedy trial; and (4) the prejudice resulting to the defendant from the delay. To these four we venture to add additional factors. As a fifth: for every right there must be a meaningful remedy; as a sixth: the seriousness of the crime; and seventh: the foreseeable impact of a decision to dismiss or not on society generally, and the administration of justice.

The facts applicable to movant are not in dispute.

On November 4, 1975, a postal inspector swore to a complaint before a United States Magistrate in this District charging Martin Koch with violation of 15 U.S.C. § 1644. The relevant portion of that complaint is compared below with the indictment herein, showing that they each charge the defendant with the same crime:

| The Complaint Filed Nov. 4, 1975 | The Indictment Filed Aug. 26, 1977 |
|---|---|
| On or about July 18, 1975, in the Southern District of New York, MARTIN KOCH, the defendant, unlawfully, wilfully and knowingly, in a transaction affecting interstate and foreign commerce, did attempt to use an altered, forged, lost, stolen and fraudulently obtained credit card, to wit, Pan American Airlines Travel Card No. 1026 06706 261774 to obtain goods and services, to wit, airline tickets, having a retail value aggregating $1,110.30. | On or about July 18, and July 21, 1975, in the Southern District of New York, MARTIN KOCH, the defendant, unlawfully, wilfully and knowingly, in a transaction affecting interstate and foreign commerce, did use and attempt to use an altered, forged, lost, stolen and fraudulently obtained credit card, to wit, Pan American Airlines Travel Card No. 1026 06706 261774 to obtain goods, services, and things of value, to wit, airline tickets, which had a value aggregating more than $1,000.00. |

The verified complaint contained detailed supporting information showing probable cause. An arrest warrant was issued on November 4, 1975, and Koch was arrested on February 12, 1976. He was arraigned that day, counsel was assigned to the case, and a preliminary examination before the Magistrate was scheduled for March 3, 1976. Apparently, no proceedings were held on that date.

Under date of March 19, 1976, an Assistant United States Attorney filed a "Memorandum to the United States Magistrate" which reads simply as follows: "Please dismiss the complaint in the case of *United States v. Martin Koch* on my recommendation. Complaint filed on November 4, 1975. (not ind.)."

The Magistrate's docket entry of March 17, 1976 reads: "Proceedings dismissed by government." This entry differs in form from a dismissal "on consent" of the defendant. Apparently there was no hearing, or showing of any basis for dismissal. Who, representing an accused, would oppose? An entry on the Magistrate's "Disposition Sheet," an informal record, under date of March 17, 1976 in the handwriting of Hon. Charles J. Hartenstine, U. S. Magistrate, now deceased, reads "3/17/76—On motion of [Defendant] (Ira Leitel), joined by Gov't (James Moss AUSA) complaint dismissed, w/o prejudice. Bail discharged." To the extent this contradicts the formal docket entry, and the March 19th "Memorandum" quoted above, we are inclined to disregard it.

It is clear, and apparently conceded, that the time limit provided by ¶ 3(a)(1) of the Plan was not complied with. It is also entirely clear that the crime charged is the same both in fact and law. *Cf. United States v. Sebastian*, 562 F.2d 211 (2d Cir., 1977).

The length of the post-arrest/pre-indictment delay in this case is 362 days in excess of the 60 day period from July 1, 1976, permitted by the Plan.

The Government offers no excuse or reason for the most of the delay, although part of the time period was necessarily required in obtaining a report concerning handwriting exemplars received in July 1976. These turned out to be inconclusive.

Defendant asserted his speedy trial rights on September 7, 1977, the day of his initial appearance before the assigned Judge. This was timely.

No more than the usual prejudice generally associated with delay resulted to defendant. Defendant, who lived with his parents at the time of the crime, asserts that his mother was a witness to his confession of guilt, and would have testified in his behalf at a suppression hearing, but she died June 9, 1976. However, an indictment filed after June 9, 1976 would have been timely, so the death of this witness cannot, standing alone, support a finding of prejudice. However, delay does by its very nature have some prejudicial effect, as recollections fail, and witnesses become unavailable. Also, the uncertainty itself is a burden on the accused.

The relevant factors are easily found, but difficult to weigh. Were there the slightest explanation or justification for this long delay, the Court would, in its discretion, permit this criminal prosecution to be resolved on the merits, that is to say, according to the issue of guilt or innocence, rather than on a purely technical matter arising out of the Speedy Trial Act. Whenever possible, this should be done.

We recall Judge Cardozo's words, uttered more than half a century ago in *People v. Defore*, 242 N.Y. 13, 23, 150 N.E. 585 (1926), while considering the analogous exclusionary rules:

"The pettiest peace officer would have it in his power through overzeal or indiscretion to confer immunity upon an offender for crimes the most flagitious."

Here, under the Speedy Trial Act, the overworked or inefficient prosecutor or judge has it in his power, by mere negligent omission, to confer immunity upon an offender merely by his unexplained failure to comply with the time limits. And if the inefficient can do so, the corrupt or partial functionary can do likewise. Such inviting loopholes will be hard to detect or close.

Questions of policy inherent in the Speedy Trial Act are for the people, acting through their duly elected legislative power. Under the doctrine of separation of powers, it is our judicial duty to give full force to the legislative purpose declared in the Speedy Trial Act, without regard to personal opinion as to whether it is "good" law, "bad" law, or law which is partly good and partly bad. But in truth, one more avenue has been supplied whereby the judicial system can and will resolve criminal prosecutions without regard to guilt or innocence.

In applying the policy to the uncontested facts here, it seems clear that this indictment must be dismissed. The balance on each of the aforementioned criteria favors defendant's position, and there has been no waiver of his rights. We do not minimize the nature of the crime charged, which basically involves theft of $1,000.00, nor do we denigrate the significance of its federal aspect involving impact on interstate commerce. Defendant has no criminal record and it is nowhere charged that Martin Koch is the Heroin Tycoon of the East Bronx.

Under all of the circumstances of this case, it would be empty form, or the exaltation of form over substance, were we to dismiss without prejudice, and allow the prosecutor to submit the transcript of the prior grand jury proceedings to a new grand jury and a file a new indictment a half hour later. Defendant would have no meaningful remedy for the abridgement of his right. Accordingly, the Court finds that all the circumstances stated above compel granting defendant's motion to dismiss the indictment with prejudice.

So Ordered.