**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Guadalupe C. CANALES,
Defendant-Appellant.**

**No. 77–5350.**

United States Court of Appeals,
Fifth Circuit.

May 26, 1978.

Daniel V. Alfaro, Juan P. Gonzalez, Corpus Christi, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before MORGAN and GEE, Circuit Judges, and KING,* District Judge.

LEWIS R. MORGAN, Circuit Judge:

In this appeal from a conviction pursuant to 21 U.S.C. § 841(a)(1) (1976) for possession of marijuana with intent to distribute, defendant raises two issues: (1) whether probable cause existed for the search at the Sarita checkpoint; (2) whether a delay of 27 months between defendant's arrest and subsequent trial violated defendant's sixth amendment right to a speedy trial. Finding both of defendant's contentions to be without merit, we affirm the conviction.

On December 23, 1974, a grain truck being driven by defendant was stopped at the Sarita checkpoint, searched, and found to contain marijuana. The asserted justification for the search was an informant's tip, which defendant now argues was insufficient to provide probable cause. Because the location where the search occurred, the border patrol checkpoint at Sarita, Texas, has been recently determined to be a "functional equivalent" of the border, *United States v. Reyna,* 572 F.2d 515, (5 Cir. 1978), we need not address the finding below that probable cause existed. Where a search is conducted at the border or at a functional equivalent of the border, no probable cause is required. *Almeida-Sanchez v. United States,* 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). The search in this case complied with the applicable fourth amendment requirements.

Defendant's second contention concerns the denial of his right to a speedy trial. Although Canales was arrested on December 23, 1974, he was not indicted until August 27, 1976, and not tried until March 16, 1977. He claims that this delay, when viewed under the four-pronged test of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), was in contravention of the sixth amendment. We cannot agree; applying the balancing test set forth in *Barker,* we conclude that the delay in this case did not deny appellant his right to a speedy trial.

The first factor to consider is the length of the delay. This factor serves as a threshold requirement; where the delay is minimal, it is often unnecessary to engage in further inquiry. *Barker v. Wingo, supra; United States v. Avalos,* 541 F.2d 1100 (5th Cir. 1976). For purposes of applying the *Barker* test, the right to a speedy trial attaches at the time of the arrest, *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); thus there was a delay of 27 months between December 23, 1974, the date of defendant's arrest, and March 16, 1977, the date of defendant's trial. Considering the simplicity of the

---

* United States District Judge for the Southern District of Florida, sitting by designation.

charge, a delay of 27 months is sufficiently lengthy to require serious consideration of the remaining factors. *Arrant v. Wainwright,* 468 F.2d 677 (5th Cir. 1972).

 The next factor to be considered is the reason offered by the government for the delay. Although the government never responded to defendant's motion, the trial judge, considering the question, took judicial notice of the crowded condition of the docket existing at the time in question because of the high number of challenges to checkpoint stops, and the number of cases awaiting the decision in *United States v. Martinez-Fuerte,* 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976), which involved, among others, the Sarita checkpoint. Although a crowded docket does not constitute a complete excuse, it does weigh slightly against defendant's argument. *Barker v. Wingo, supra,* 407 U.S. at 531, 92 S.Ct. 2192. In addition, we cannot fault the government for wanting to await a decision which may have proved dispositive of the issues in the instant case.

 The third factor to be considered is defendant's assertion of his speedy trial right. The failure to claim the right, or an untimely claim, does not bar a later contention that there has been a denial of the right to speedy trial. However, as this court has said, "to the extent that promptness in asserting the right is important, then appellant's silence during the entire pre-indictment period and some of the post-indictment period works against them 'because it suggests that any hardships . . suffered were either minimal or caused by other factors.'" *United States v. Avalos,* 541 F.2d 1100, 1115 (5th Cir. 1976), quoting *United States v. Palmer,* 537 F.2d 1287, 1288 (5th Cir. 1976). In this case, defendant did not assert the right to a speedy trial until the day of the trial, 27 months after his arrest. As in *Avalos, supra,* the failure to promptly seek a speedy trial weighs against defendant's position.

 The final factor which must be considered is the degree of prejudice to defendant. In *Barker,* the Supreme Court recognized three types of prejudice that may result from delay: (1) oppressive pre-trial incarceration; (2) anxiety and concern of the defendant; (3) the possibility of impairment of the defense. Defendant, focusing his argument on the latter category, contends that his case was prejudiced by the death of a witness. His argument, however, is not persuasive. The order of the trial court indicates that the government agreed to a stipulation concerning the absent witness's testimony, and that the court considered the testimony as stipulated to be of minimal value to defendant's case. The trial court concluded that defendant was not prejudiced by the delay, and we agree. *United States v. Brand,* 556 F.2d 1312 (5th Cir. 1977).

Because we find that there was minimal prejudice to defendant, that defendant did not timely assert his right, and that the justification for the delay militates against defendant, we cannot conclude that the delay of 27 months in this case constituted a denial of defendant's right to a speedy trial. The conviction is

AFFIRMED.