**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard CALLAHAN,
Defendant-Appellant.**

No. 78–5022.

United States Court of Appeals,
Sixth Circuit.

Argued June 15, 1978.

Decided July 25, 1978.

Rehearing Denied Sept. 1, 1978.

Robert E. Sweeney, Sweeney, Mahon & Vlad, Cleveland, Ohio, for defendant-appellant.

William D. Beyer, U. S. Atty., Cleveland, Ohio, Robert G. Del Grosso, U. S. Dept. of Justice, Cleveland, Ohio, John T. Bannon, Jr., T. George Gilinsky, Washington, D. C., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and LIVELY and KEITH, Circuit Judges.

PHILLIPS, Chief Judge.

In *United States v. Callahan*, 551 F.2d 733 (6th Cir. 1977), this court reversed the conviction of appellant and remanded the case for a new trial. At the second trial, the jury again found Callahan guilty of violating the Hobbs Act, 18 U.S.C. §§ 1951 and 1952 as charged in Counts I, III and IV of the indictment. He was fined $5,000 on Count I, ordered to pay $1,510 restitution on Count III and placed on probation for three years on Count IV.

The principal contention of Callahan on the present appeal is that he was not retried within sixty days after this court issued its mandate reversing his previous conviction as required by § 3161(e) of the Speedy Trial Act of 1974, 18 U.S.C. § 3161(e),[1] and the Interim Plan of the United States District Court for the Northern District of Ohio.[2]

The second trial of appellant began more than sixty days after the issuance of the mandate of this court remanding the case for a new trial, but less than sixty days after receipt of the mandate by the district court. Apparently appellant does not dispute that a "postal error" caused the delay between the issuance and receipt of the mandate. Appellant contends that the sixty day period began to run on the date the mandate was issued by this court. The district judge denied appellant's motion to dismiss the indictment on the ground that the district court could not reacquire jurisdiction until the date it received the mandate.

1. 18 U.S.C. § 3161(e) provides:

(e) If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within sixty days from the date the action occasioning the retrial becomes final. If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within sixty days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within sixty days impractical.

2. Section 5(b) of the Interim Plan provides:

(b) Retrial. The retrial of a defendant shall commence within 60 days from the date the order occasioning the retrial becomes final. If the retrial follows an appeal or collateral attack, the court may extend the period if unavailability of witnesses or other factors resulting from passage of time make trial within 60 days impractical. The extended period shall not exceed 180 days.

On the present appeal it is not necessary to reach the issue of whether the sixty day period for retrial began to run (1) on the date of the issuance of the mandate of this court or (2) on the date the district court received the mandate. This court examined the Speedy Trial Act in some detail in our recent opinion in *United States v. Lee*, 575 F.2d 1184 (6th Cir. 1978). The sanction of dismissal of the indictment under the Speedy Trial Act does not become effective until July 1, 1979. 18 U.S.C. § 3163(c). We construe the statutory provision relating to the effective date of the sanctions to apply both to original trials and retrials. The sanction provided by 18 U.S.C. § 3162 is dismissal of the indictment, which was the relief sought unsuccessfully by appellant in the district court. Further, § 10(d) of the Interim Plan for the Northern District of Ohio provides that failure to comply with the time limits prescribed by the Plan does not require dismissal except in proceedings against juveniles.

Appellant further asserts that the evidence was insufficient to support a jury verdict of guilty. We find this contention to be without merit. We reject the argument that the Government failed to prove the criminal intent of appellant, and that the case is outside the limits of the Hobbs Act under the holding in *United States v. Enmons*, 410 U.S. 396, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973). Furthermore, the reliance of appellant on the opinion of this court in *United States v. Yokley*, 542 F.2d 300 (6th Cir. 1976) is misplaced because that decision was reversed by the Supreme Court in *United States v. Culbert*, 435 U.S. 371, 98 S.Ct. 1112, 55 L.Ed.2d 349 (1978).

The judgment of conviction is affirmed.