# UNITED STATES of America

## v.

## Salvatore CASTELLANA.

### No. 72–327–Cr–T–H.

United States District Court,
M. D. Florida,
Tampa Division.

Nov. 20, 1978.

John J. Daley, Jr., U. S. Atty., Jacksonville, Fla., Douglas J. Titus, Jr., Asst. U. S. Atty., Tampa, for plaintiff.

James R. Yon, Tampa, Fla., for defendant.

## OPINION

CHARLES R. SCOTT, District Judge.

Defendant Salvatore ("Sam") Castellana has moved the Court to dismiss the indictment in this case on the ground that his right to a speedy trial has been violated.

### Facts

The indictment in this case was returned against defendant Castellana on November 28, 1972. Although he was not arraigned until February 2, 1973, he had an initial appearance on December 4, 1972. Trial was scheduled for March 19, 1973, in Jacksonville, Florida. At the motion of the Government to change venue of the trial, the Court rescheduled trial for March 26, 1973, in Ocala, Florida. Meanwhile, defendant had filed a motion to suppress evidence, which the Court took under advisement until May 2, 1973. Consequently, trial was delayed until the Court's ruling, granting defendant's motion to suppress, on May 2, 1973.

Pursuant to 18 U.S.C. § 3731,[1] the Government took an interlocutory appeal from the Court's order granting the motion to suppress. Trial, therefore, was further delayed from May 2, 1973, until October 2, 1974, while the appeal from the Court's suppression order was pending before the Fifth Circuit Court of Appeals. On October 2, 1974, the Court of Appeals en banc affirmed in part and reversed in part the Court's suppression order of May 2, 1973. *United States v. Castellana*, 500 F.2d 325 (5th Cir. 1974).

From October 2, 1974, until July 7, 1975, (a period of nearly nine months), the case

---

1. 18 U.S.C. § 3731 provides:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [sic] suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding of an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

remained pending. On July 7, 1975, trial of this case commenced in Ocala, Florida. It ended in a mistrial, with a hung jury, on July 8, 1975. For more than forty months, more than three and one-third years since this case ended in a mistrial, it has remained pending without trial.

On March 5, 1976, defendant filed his only motion to dismiss, based upon two independent grounds: (1) that the indictment failed to allege an offense against the United States as a matter of law, because as a result of his pardon from the State of Florida, defendant was not a convicted felon within the scope of 18 U.S.C.App. § 1202(a); and (2) that defendant's right to a speedy trial had been violated. Defendant has never complied with the local rules of this Court by filing a memorandum of law, with citations of authorities to support the grounds for his motion. Nevertheless, the Court took both grounds of the motion to dismiss under advisement, after hearings on April 22, 1976, and May 20, 1976. On June 29, 1977, the Court ruled on defendant's motion to dismiss on the ground that the indictment failed to allege an offense by him as a matter of law. *United States v. Castellana,* 433 F.Supp. 1309 (M.D.Fla. 1977). The Court ruled that

> . . . defendant's pardon does not exempt him from operation of 18 U.S.C. App. § 1202(a)(1) since the pardon does not expressly authorize him to receive, possess, or transport in commerce a firearm. *Id.* at 1317.

Consequently, the Court denied the motion to dismiss on that ground. *Id.* The motion to dismiss on the ground of denial of right to speedy retrial has remained pending.

Over much of that same period of time, however, an extraordinary situation, with acute circumstances, arose in the Jacksonville and Ocala Divisions of the Middle District of Florida. In September, 1975, the only other active resident district judge became involved in a seven-month trial in Ocala, Florida. In December, 1975, that judge was appointed to the United States Court of Appeals for the Fifth Circuit. From December, 1975, to May 12, 1977, the undersigned was the sole resident district judge in the Ocala and Jacksonville Divisions of the Middle District of Florida. With a crushing caseload of between 1,200 and 1,400 cases; the congressionally mandated[2] priority to bring criminal cases to an initial trial or disposition; and with the deteriorating health of the undersigned which resulted in surgery, hospitalization, and recuperation for the last four months of 1976; the condition of the dockets for the Jacksonville and Ocala Divisions became congested and backlogged. During all that time, this case remained pending, awaiting a ruling on the motions to dismiss, and a possible retrial if warranted. In November, 1976, the undersigned became a senior district judge.[3] Meanwhile, however, he remained the only resident district judge until May 12, 1977. From May 12, 1977, until January, 1978, the undersigned, although a senior judge, continued to carry half of the caseload of the Jacksonville and Ocala Divisions, because the active district judgeship position, which had been vacated by the appointment of Judge Gerald Bard Tjoflat to the Court of Appeals, remained unfilled. Throughout the period of time following

---

**2.** The Speedy Trial Act, 18 U.S.C. § 3161 et seq., requires that criminal cases be brought to trial within decreasing time limits, concluding with 60 days after arraignment as of July 1, 1979. 18 U.S.C. § 3161(c) and (g).

**3.** 28 U.S.C. §§ 371(b) and 294(b) provide:

371(b) Any justice or judge of the United States appointed to hold office during good behavior may retain his office but retire from regular active service after attaining the age of seventy years and after serving at least ten years continuously or otherwise, or after attaining the age of sixty-five years and after serving at least fifteen years continuously or

otherwise. He shall, during the remainder of his lifetime, continue to receive the salary of the office. The President shall appoint, by and with the advice and consent of the Senate, a successor to a justice or judge who retires.

294(b) Any judge of the United States who has retired from regular active service under section 371(b) or 372(a) of this title shall be known and designated as a senior judge and may continue to perform such judicial duties as he is willing and able to undertake, when designated and assigned as provided in subsections (c) and (d).

the recovered health of the undersigned, he has been constantly engaged in bringing his caseload in the docket of the Ocala Division to a current condition. At the same time, he has been laboring to dispose of the accumulated backlog of cases under consideration by him.

## Law

### I. Constitutional Right to a Speedy Retrial

■ To begin with, the Sixth Amendment guarantees a speedy trial to every defendant who becomes an accused, either by arrest, information, or indictment. *Barker v. Wingo*, 407 U.S. 514, 522, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 102, 112 (1972); *United States v. Avalos*, 541 F.2d 1100, 1108 (5th Cir. 1976). The Supreme Court, however has rejected the notion that the Sixth Amendment speedy trial right imposes an absolute, specified time period within which an accused must be brought to trial, while at the same time rejecting the view that the Sixth Amendment speedy trial right applies only to cases where an accused "has demanded a speedy trial." *Id.* at 524, 92 S.Ct. at 2188, 33 L.Ed.2d at 113. Instead, the Supreme Court established a fourfold test, by which the facts of each particular case are analyzed and balanced in relation to each of the four factors, in order to determine whether or not a defendant's right to a speedy trial has been violated. The four factors are (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) any prejudice to the defendant. *Id.*

at 530–33, 92 S.Ct. at 2191–93, 33 L.Ed.2d at 116–118.

The case at hand presents two different time periods to which defendant Castellana's speedy trial right applies: (1) the period running from post-accusation to trial (approximately thirty-one months), and (2) the period running from mistrial to the present (approximately forty months). The Court will examine both time periods involved in this case, in the light of the four factors, to determine if there has been a denial of speedy trial.

### A. First Period: From Accusation Until Trial (November, 1972 through July 7, 1975)

■ Under the Supreme Court's fourfold test, if the length of the delay involved is de minimus or short, there is no need for a court to inquire further concerning the other three factors. On the other hand, a substantially lengthy delay raises a prima facie question of presumptive prejudice, which triggers a further inquiry concerning the remaining three factors.[4] If, after investigating all four factors of the speedy trial test, a court determines that a defendant has been denied his right to a speedy trial, the indictment must be dismissed. *Strunk v. United States*, 412 U.S. 434, 440, 93 S.Ct. 2260, 2263, 37 L.Ed.2d 56, 61–62 (1973); *United States v. Novelli*, 544 F.2d 800, 803 (5th Cir. 1977). Unless those factors are satisfied on balance, however, dismissal is not required.

**4.** The Fifth Circuit Court of Appeals has incisively noted the intrinsic inconsistency in the United States Supreme Court's view that, while none of the four factors is "a necessary or sufficient condition to the finding of a deprivation of the right of a speedy trial," *Barker v. Wingo*, 407 U.S. 514, 533, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101, 118 (1972), "[t]he length of the delay is to some extent a triggering mechanism," since [u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiring into the other factors". *Id.* at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. *See United States v. Avalos*, 541 F.2d 1100, 1111 n. 19 (5th Cir. 1976):

> It is not clear how the Supreme Court can suppose the length of delay to be a "triggering mechanism," implying that if the delay is too short the inquiry ceases, while at the same time insisting that none of the four factors is a necessary condition to finding a violation. . . .

If the inquiry into, and balancing analysis of, the four factors is required only if the delay is long enough to be "presumptively prejudicial", then a sufficiently lengthy delay is a necessary condition for (1) continuing the four-factor inquiry, and (2) ever concluding that the right to a speedy trial was denied. Like the Fifth Circuit, this Court is unable to understand the contradiction.

■ *Length of Delay.* The length of delay during the period between indictment and trial was approximately two years and seven months (thirty-one months). This delay is sufficiently long to require the Court's inquiry into the remaining three factors.

■ *Reasons for Delay.* There are different reasons for delay; and each kind of, or reason for, delay is weighted differently in determining whether there has been a violation of a speedy trial right. *United States v. Avalos,* 541 F.2d at 1111.

■ Deliberate delay on behalf of the Government, in an attempt to "hamper the defense" should be weighed heavily against the Government. *Id.* at 1111–13 (court-shopping and prosecutor-shopping). The Court of Appeals reversed the district court's denial of a habeas corpus petition in *Arrant v. Wainwright,* 468 F.2d 677 (5th Cir. 1972), *cert. denied* 410 U.S. 947, 93 S.Ct. 1369, 34 L.Ed.2d 613 (1973). The state prosecutor had sought and obtained repeated continuances, without objection, for nine months. After that, the state court defendant had asserted his right to a speedy trial on four different occasions. No action was taken, however. The defendant was not brought to trial until two years after his indictment, while the state court had expressly noted that the delay was caused by the state's inability "to successfully prosecute the defendant at the present time or in the reasonable foreseeable future." *Id.* at 680. The state prosecutor had repeatedly stalled the trial because he "quite candidly" admitted that he did not want to see the defendant acquitted. The Court of Appeals found such delay to be intolerable, inexcusable, and warranting heavy weight against the prosecution. Deploring such conduct, the Fifth Circuit declared that

. . . this court fears the day when any arm of our government is allowed to keep an individual under indictment for an extended period merely because it fears that were he brought to trial, he would be found not guilty. *Id.* at 684.

The district court was directed to issue the writ of habeas corpus. *Id.*

■ Negligent delay, on the other hand, which is for more neutral reasons, should weigh only slightly against the Government, rather than the defendant. *United States v. Avalos,* 541 F.2d at 1113; *United States v. Shepherd,* 511 F.2d 119, 122 (5th Cir. 1975). The neutral reasons causing negligent delay ordinarily do not necessitate dismissal of a case. Examples of such neutral, negligent delay are overcrowded, congested court dockets, *United States v. Wentland,* 582 F.2d 1022, 1025 n. 3 (5th Cir. 1978); *United States v. Canales,* 573 F.2d 908, 910 (5th Cir. 1978); *United States v. Methven,* 547 F.2d 896, 897 (5th Cir. 1977); *United States v. Pena,* 527 F.2d 1356, 1364 (5th Cir. 1976), *cert. denied* 426 U.S. 949, 96 S.Ct. 3168, 49 L.Ed.2d 1185 (1976); *Turner v. Estelle,* 515 F.2d 853, 856 (5th Cir. 1975), *cert. denied* 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976); *United States v. Rodriguez,* 510 F.2d 1 (5th Cir. 1975), *cert. denied* 423 U.S. 915, 96 S.Ct. 222, 46 L.Ed.2d 144 (1975); bureaucratic inefficiency, *United States v. Greene,* 578 F.2d 648, 655 (5th Cir. 1978); a prosecutor's inordinately heavy workload, *United States v. Pitts,* 569 F.2d 343, 347 (5th Cir. 1978); *United States v. Gorthy,* 550 F.2d 1051, 1054 (5th Cir. 1977), *cert. denied* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977); lack of a prosecutor, *United States v. Rodriguez,* 510 F.2d 1 (5th Cir. 1975); and simply unexplained delay, that is not of an intolerable length. *United States v. Edwards,* 577 F.2d 883, 888–89 (5th Cir. 1978) (en banc) *vac'g* 554 F.2d 1331 (5th Cir. 1977); *United States v. Garza,* 547 F.2d 1234, 1235 (5th Cir. 1977); *United States v. Wyers,* 546 F.2d 599, 602 (5th Cir. 1977); *but cf. Hoskins v. Wainwright,* 485 F.2d 1186, 1192 (5th Cir. 1973) (an unexplained and unjustified eight and one-half year delay).

■ Some kinds of delay are justified and should not be weighed against the Government at all. Delays occurring as a result of a defendant's own conduct, should not count against the Government in any way. For example, when a defendant pleads guilty, and later withdraws his guilty plea, the delay must be attributed to

the defendant, *United States v. Herman,* 576 F.2d 1139, 1145 (5th Cir. 1978). Likewise, if a defendant files many motions, requiring consideration and ruling by the court, *United States v. Scallion,* 533 F.2d 903, 912 (5th Cir. 1976), *cert. denied sub nom. Drane v. United States,* 429 U.S. 1079, 97 S.Ct. 824, 50 L.Ed.2d 797 (1977); or if a defendant himself moves for continuances, *United States v. Davis,* 487 F.2d 112, 117 (5th Cir. 1973); the delay must be ascribed to him. Similarly, a codefendant who moves for a severance, necessitating a later trial than his codefendant, is also responsible for the delay in his trial. *Turner v. Estelle,* 515 F.2d at 856. Akin to those kinds of justifiable reasons is the delay in a defendant's prosecution while he is being prosecuted for other charges. *United States v. Pitts,* 569 F.2d at 347; *United States v. Koehler,* 544 F.2d 1326, 1330 (5th Cir. 1977).

Other kinds of justifiable delay, which do not count against the Government, are delays required because of missing witnesses, *United States v. Avalos,* 541 F.2d at 1114; delays occurring while the Government conducts evidentiary investigations indispensable to establishing a prima facie case, *id.; United States v. Greene,* 578 F.2d at 655; and delays during a grand jury's deliberations and return of a superseding indictment against a defendant. *United States v. Netterville,* 553 F.2d 903, 914–15 (5th Cir. 1977), *cert. denied* 434 U.S. 861, 98 S.Ct. 719, 54 L.Ed.2d 752 (1978). Among other justified delays are cases where a trial is continued while the parties await a crucial, dispositive decision pending before the United States Supreme Court, *United States v. Canales,* 573 F.2d at 910; and the delay that intervenes while the Government perfects a legitimate, interlocutory appeal from an adverse ruling. *United States v. Herman,* 576 F.2d at 1146.

Defendant Castellana does not allege, nor is there any evidence of, deliberate delay by the Government. All the delay occurring between his indictment in November, 1972, and his trial in July 1975, occurred during, and resulted from, the procedural steps in the case. His motion to suppress evidence, which was formidable and which obtained a favorable ruling fully at the district court, and in part ultimately on appeal, necessitated a significant delay. The Government's appeal from the Court's order granting that motion to suppress was a legitimate one, which it had a right to pursue, as attested by its ultimate reversal in part of this Court's suppression order after en banc appellate review. *United States v. Castellana,* 500 F.2d 325 (5th Cir. 1974) (en banc). The time that elapsed during that appeal was patently justified.

■ *Assertion of Right.* While failure of a defendant to assert his right to a speedy trial is not absolute or conclusive evidence that he was not denied that right, *Barker v. Wingo,* 407 U.S. at 528–29, 92 S.Ct. at 2191, 33 L.Ed.2d at *115–16; Turner v. Estelle,* 515 F.2d at 857–58; the timeliness, vigor, and frequency with which the right to a speedy trial is asserted are important elements to be considered in the four-factor balancing test. *United States v. Netterville,* 553 F.2d at 914; *United States v. Shepherd,* 511 F.2d at 122; *Arrant v. Wainwright,* 468 F.2d at 681. Long and unexplained silence by a defendant must be weighed against him and in favor of the Government. *United States v. Edwards,* 577 F.2d at 889; *United States v. Avalos,* 541 F.2d at 1115; *Turner v. Estelle,* 515 F.2d at 858. Not once throughout the period following his indictment until his trial in July, 1975 did defendant Castellana ever intimate a concern for his right to a speedy trial. The Court finds the scales balanced against defendant and heavily in favor of the Government by his persistent silence throughout the first period of delay in this case.

■ *Prejudice.* Defendant Castellana did not suffer any prejudice from oppressive pretrial incarceration. He was out on bond during the time between his indictment and his trial. He remains on bond. Furthermore, something more than the ordinary anxiety and normal concern that any defendant undergoes, by virtue of his status as an accused, is required to establish preju-

dice. *United States v. Shepherd,* 511 F.2d at 123. Defendant Castellana has neither alleged nor shown any extraordinary anxiety and concern. Finally, no actual prejudice that results in an impairment to his defense has been alleged or demonstrated by defendant. Mere general allegations of the loss of witnesses, and vague assertions of faded memories, are insufficient to establish prejudice absent a strong showing that the loss is substantially related to material issues of fact in dispute. *United States v. Edwards,* 577 F.2d at 889; *United States v. Netterville,* 553 F.2d at 915; *United States v. Beckham,* 505 F.2d 1316, 1319 (5th Cir. 1975), *cert. denied* 421 U.S. 950, 95 S.Ct. 1683, 44 L.Ed.2d 104 (1975). Defendant Castellana, however, has not so much as made even general allegations and vague assertions that his defense has in any way been prejudiced.

▮ While it is true that, in the Fifth Circuit, a defendant in principle need not demonstrate any prejudice at all, if the other three factors of the Sixth Amendment balancing test are amply met, *United States v. Avalos,* 541 F.2d at 1116; *Turner v. Estelle,* 515 F.2d at 858; *Hoskins v. Wainwright,* 485 F.2d at 1192; that is not the situation in the case at hand. Although defendant Castellana has made a prima facie showing of unjustified delay during the thirty-one months between indictment and trial, he failed to once assert his right to a speedy trial, has not shown anything more than neutral reasons for the delay, and is devoid of any proof of actual prejudice from the delay. Consequently, the Court must conclude that defendant was not denied his speedy trial right during that time. *See United States v. Greene,* 578 F.2d at 656 n. 8; *United States v. Shepherd,* 511 F.2d at 124.

### B. *Second Period: From Mistrial to Present (July 8, 1975 to Date)*

Since defendant's first trial ended in a mistrial, on July 8, 1975, this case has remained pending. Not until March, 1976, however, did defendant stir himself to raise the issue of his speedy trial right. At that time, he filed a motion to dismiss based upon two grounds. That motion, heard in April and May, 1976, was taken under advisement. On June 29, 1977, the Court ruled on the first ground, holding that, as a matter of law, the indictment properly charged him with an offense under 18 U.S.C.App. § 1202(a)(1). The motion to dismiss based on the speedy trial ground remained under advisement.

When defendant filed his motion to dismiss based on the speedy trial ground, he did not file a memorandum of law with citations of authorities to support his position. He never has filed such a memorandum. Once the motion was taken under advisement, nothing further was heard from defendant. In short, apart from the single interruption when he filed his skeletal motion to dismiss for denial of the right to a speedy trial, defendant has continued his uniform and otherwise unbroken silence. He has shown no concern or interest in his right to a speedy retrial. His silence tilts in favor of the Government.

▮ Of course, the more than forty-month delay is on its face sufficiently prejudicial to require the Court to examine not only the lack of defendant's assertion of his right, but also the reasons for that delay, and any resultant prejudice.

To some minor proportion, the more than three and one-third year delay since mistrial should be attributed to the two issues underlying defendant's motion to dismiss. At least some of the time that the Court has taken to consider and rule upon those grounds must be charged against defendant. *United States v. Scallion,* 533 F.2d at 912. Nevertheless, the bulk of this lengthy delay cannot be calculated as justified delay. On the other hand, neither can it be regarded as deliberate delay, which would weigh heavily against the Government. Instead, the Court's. congested and overburdened caseload, together with the long absence of any other judges to help carry the load, along with the illness, recovery, and necessary catch-up work of the undersigned judge, constitute at most neutral, negligent delay. *Cf. United States v. Wentland,* 582

F.2d at 1025 n. 3; *United States v. Canales,* 573 F.2d at 910; *United States v. Methven,* 547 F.2d at 897; *United States v. Pena,* 527 F.2d at 1364; *Turner v. Estelle,* 515 F.2d at 856. The fact of human limitations, when faced with critical conditions and an ever-increasing backlog of civil cases (including habeas corpus petitions and criminal post-judgment relief motions); an unavoidable congressional demand that criminal cases be given priority disposition within decreasingly specified time periods; and the constant occurrence of emergency equitable matters, is the only honest explanation for the lengthy delay in retrying this case. To be sure, defendant is not to blame for that delay. Neither, however, is the Government, whose prosecutor repeatedly and persistently inquired about the motions under advisement. At most, therefore, this lengthy delay should be weighed only slightly against the Government.

At the same time, defendant has not alleged, and there is no indication of, deliberate delay by the Government for its own strategic advantages. Neither is there any indication of inexcusable negligence on the Government's part. Unlike counsel for the Government, neither defendant nor his counsel have ever contacted the Court about the motion to dismiss which was under advisement or in an effort to obtain a speedy retrial. It is doubtful, therefore, that defendant seriously and really wanted a speedy retrial at all. *Barker v. Wingo,* 407 U.S. at 528–29, 531–32, 536, 92 S.Ct. 2191, 2192, 2194, 33 L.Ed.2d at 115–16, 117–18, 120; *United States v. Davis,* 487 F.2d at 117.

During the lengthy period following the mistrial of this case in July, 1975, defendant has still not been subjected to any prejudice from oppressive pretrial incarceration. He still remains on bond. Neither has he ever alleged, much less shown, that he has suffered any unusual anxiety and abnormal concern as a result of this pending case against him. Apart from the bare assertion that his right to a speedy trial has been denied, he has neither alleged nor demonstrated that he has experienced any real instances of disability to his defense. As in

the first period between indictment and trial, he has not so much as raised even general allegations and vague assertions of lost witnesses, faded memories or vanished evidence. In the absence of both allegations and proof, the Court will not presume such prejudice. Furthermore, the lack of any significant weight on any of the other three factors, will not relieve defendant from the need to show actual prejudice.

From a balancing analysis of the four factors established by the Supreme Court in *Barker v. Wingo, supra,* the Court must conclude that defendant has not been denied his Sixth Amendment right to a speedy trial in either time period during the lengthy pendency of this case. It would, therefore, be reversible error for the Court to dismiss the indictment in this case on the notion that the mere elapse of time alone between mistrial and retrial amounts to a denial of the Sixth Amendment right to a speedy trial. *See Morrison v. Jones,* 565 F.2d 272 (4th Cir. 1977), *rev'g* 428 F.Supp. 82 (W.D.N.C.1977).

## II. *Statutory Right to a Speedy Trial*

There are two reasons why the indictment in this case cannot be dismissed for violation of the public's interest and right to defendant's speedy trial and retrial, as enacted in the Speedy Trial Act. 18 U.S.C. § 3161 *et seq.* First, the Speedy Trial Act does not apply to persons who become accused before July 1, 1975. 18 U.S.C. § 3163(a)(1). *United States v. Gorthy,* 550 F.2d 1051, 1053 (5th Cir. 1977), *cert. denied* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977); *United States v. Garza,* 547 F.2d 1234, 1235 (5th Cir. 1977). Defendant, as already noted, was indicted in November, 1972.

Second, even if the speedy trial statute did apply to this case, the sanctions, which require dismissal for unjustified violations of the time limits, are not effective until July 1, 1979; and therefore dismissal of this case would still not be required. 18 U.S.C. § 3161(f) and (g); § 3163(c). *United States v. Wentland,* 582 F.2d at 1024; *Unit-*

ed States v. Callahan, 579 F.2d 398, 400 (6th Cir. 1978); United States v. Stoddard, 574 F.2d 1050, 1054 (10th Cir. 1978); United States v. Phillips, 569 F.2d 1315, 1316 (5th Cir. 1978); United States v. Bullock, 551 F.2d 1377, 1381 (5th Cir. 1977); United States v. Amendola, 558 F.2d 1043, 1044 (2d Cir. 1977); United States v. Carpenter, 542 F.2d 1132, 1134 (9th Cir. 1976); United States v. Hillegas, 443 F.Supp. 221, 227 (S.D.N.Y.1977); United States v. Koch, 438 F.Supp. 307, 308 (S.D.N.Y.1977). Until the sanctions of the Speedy Trial Act become effective, its time limits are merely directive goals to be aimed for in the handling of criminal cases to which it applies. The Court holds that, in any event, dismissal of this case under the Speedy Trial Act is not warranted because the speedy trial statute does not apply to the present case, and the sanctions of that statute would not require dismissal anyway.

### III.   District Plans for Speedy Trial

Neither the district plan required by Fed.R.Crim.P. 50(b) before the Speedy Trial Act, nor the provisions of this district's interim plan for implementing the Speedy Trial Act, 18 U.S.C. § 3164, require dismissal of this case. Under the former Rule 50(b) plan, the Court had sole responsibility for the setting and calling of cases for trial; and dismissal was not required for failure to conform to the plan. Likewise, the interim plan of the Middle District of Florida does not require dismissal of a case for "failure to comply with the time limits prescribed" by that plan. Section 10(d), Plan to Minimize Undue Delay and [to] Further Prompt Disposition of Criminal Cases, United States District Court, Middle District of Florida. Hence, while the provisions of each district's interim plan for implementing the Speedy Trial Act apply at present, United States v. Wentland, 582 F.2d at 1024 n. 2; United States v. Phillips, 569 F.2d at 1316; United States v. Bullock, 551 F.2d at 1381; United States v. Koch, 438 F.Supp. at 308, it is not an abuse of discretion for the Court to refuse to dismiss the indictment in this case because of a possible violation of the Middle District's

interim plan. United States v. Garcia, 553 F.2d 432 (5th Cir. 1977). The mere failure to comply with the time limits of a district interim plan, without more, is not a sufficient basis to require the dismissal of a criminal indictment. United States v. Callahan, 579 F.2d at 400, United States v. Bullock, 551 F.2d at 1382; United States v. Garner, 529 F.2d 962, 968 (6th Cir. 1976).

### Conclusion

The Court is convinced, and therefore expressly concludes, that despite the regretable delay in retrial of this case that resulted from devastating and critical court conditions, as a matter of federal constitutional, statutory and decisional law, defendant's right to a speedy trial has not been denied.

Accordingly, the defendant's motion to dismiss will be denied.