UNITED STATES of America

v.

**LuAnn SHUSKEY, Miguel Victor Ortiz, Cory Joan Boulter, Jeffrey Craig Fleissner, Charles Douglas Gower, Wanda Gay Atkins Gower, Mary Beth Welke, Fenwick Putnam Tucker, Dean (NMN) Tedder, Kay Norris Huggins.**

No. 70–24–01–CR. 4.

United States District Court,
E. D. North Carolina,
New Bern Division.

April 15, 1980.

Martin J. Bernholz, Chapel Hill, N. C., for LuAnn Shuskey.

Marcus W. Chesnutt, New Bern, N. C., for Miguel Victor Ortiz.

Herman E. Gaskins, Jr., Washington, N. C., for Cory Joan Boulter.

Herman E. Gaskins, Jr., Washington, N. C., for Jeffrey Craig Fleissner.

Steven A. Bernholz, Chapel Hill, N. C., for Charles Douglas Gower and Wanda Gay Atkins Gower.

Herman E. Gaskins, Jr., Washington, N. C., and Joel Hirschhorn, P. A., Miami, Fla., for Mary Beth Welke.

Susan Henri Johnson, New Bern, N. C., for Fenwick Putnam Tucker.

Joseph W. Dean, Raleigh, N. C., for Dean (NMN) Tedder.

Jack B. Swerling, Columbia, S. C., and Susan Henri Johnson, New Bern, N. C., for Kay Norris Huggins.

## ORDER

HEMPHILL, District Judge.

Defendants move for dismissal under the provisions of Title 18, United States Code, Section 3162(a)(1).[1] All Defendants joined in the motion claiming that the United States had not complied with 18 U.S.C. § 3161(b)[2] requiring that all indictments be brought within thirty (30) days of arrest for

---

1. Title 18 U.S.C., § 3162(a)(1) provides that:
   *If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether* to dismiss the case with or without prejudice, *the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.*"

2. Title 18, Section 3161(b) provides that:

the violations charged. This challenge arises because of the filing of three (3) indictments in this case, two (2) being superseding indictments to the initial indictment filed September 10, 1979, some six (6) to eight (8) days after many of Defendants were arrested and charged with drug law violations. Eleven (11) of the Sixteen (16) Defendants were arrested in early September and charged with violations of 21 U.S.C. § 952(a) and § 960(a)(1) and Title 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), Title 18 U.S.C. § 2, and 21 U.S.C. § 845(a) [3]. Thereafter, on October 9, 1979, a superseding indictment was filed, for the obvious reason that the government was not sure of the correct names of some of the Defendants, as is reflected by the fact that in the original indictment each Defendant's name was accompanied by an additional name prefaced by "also known as". Defendants were not re-arrested, but were ordered to appear for arraignment on the second indictment. The original indictment was then dismissed on motion of the United States Attorney, and a new motions calendar was set up under the second indictment. It can be said with some accuracy that the second indictment had the effect of setting the schedule back some thirty (30) days, although there is some questions whether the trial would have been held on schedule due to the complicated nature of the case.

During this period of time the United States Attorney handling the case changed, and the investigation was still ongoing. On December 4, 1979, another superseding, and final, indictment was filed which added a charge of conspiracy against the original Defendants, and joined an additional five (5) Defendants in the indictment. The original Defendants were once again ordered to appear for arraignment, but were never arrested, while the new Defendants were either arrested or served by Summons. After arraignment, a third motions calendar was set which arguably put this case an additional fifty-six (56) days or so behind its original schedule. The second indictment was then dismissed. In total, the third indictment was returned approximately ninety (90) days after the original arrests.

At oral arguments on this motion, a ruling was made to deny the motion to dismiss and this written Order is being issued at the request of the Defendants. For the reasons which appear below, the bench order of this court is affirmed, and the motion to dismiss is denied.

Defendants argue that since the first and second indictments have been dismissed, the trial will concern the counts of the third indictment, which was filed more than Thirty (30) days after their arrest. Their position is that the United States Attorney has violated the "Speedy Trial Act", namely Section 3161(b) of Title 18, and that the appropriate remedy should be a dismissal. The government responds that all of the counts except conspiracy derive from the first indictment which was presented within Thirty (30) days of arrest, and that the addition of the conspiracy count in the third indictment did not prejudice the Defendants on their case.

Conceding *arguendo*, that a violation of the Speedy Trial Act has occurred, Congress has delayed the effective date for the mandatory dismissal provisions until July 1, 1980. 18 U.S.C. § 3163(c) as amended August 2, 1979, P.L. 96–43, § 6, 93 Stat. 328.[4] In similar situations, where a violation oc-

"Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days."

3. There is a discrepancy between the records of the Clerk and the representation of the attorneys regarding whether the original arrests occurred on September 2nd or 4th, but the difference is immaterial to the outcome.

4. Title 18, Section 3163(c) provides that:
"Subject to the provisions of section 3174(c), section 3162 of this chapter shall become effective and apply to all cases commenced by arrest or summons, and all informations or indictments filed, on or after July 1, 1980."

curred before the original starting date for sanctions which was July 1, 1979, the courts have uniformly held that no sanctions were available under the Speedy Trial Act, and that Defendants must assert the local district plan as a defense. E. g., *U. S. v. Carini,* 562 F.2d 144, 148 (2d Cir. 1977); *U. S. v. Bullock,* 551 F.2d 1377, 1381 (5th Cir. 1977); *U. S. v. Lee,* 575 F.2d 1184, 1186 (6th Cir. 1978); *U. S. v. White,* 607 F.2d 203, 205 (7th Cir. 1979); *U. S. v. Jankowski,* 470 F.Supp. 464, 470 (W.D.Pa.1979); *U. S. v. Koch,* 438 F.Supp. 307, 308 (S.D.N.Y.1977); *United States v. Castellana,* 461 F.Supp. 233, 234 (M.D.Fla.1978).

The Fourth Circuit has confined its discussion of the problem to one footnote, wherein Judge Phillips wrote: "A sanction of mandatory dismissal will go into effect on July 1, 1980. (citation omitted) Until then the decision to dismiss is discretionary." *U. S. v. Bryant,* 612 F.2d 806 fn. 8, 1979. This ambiguous statement leaves a lower court uncertain as to whether it is to proceed under the Speedy Trial Act, and imply a discretionary sanction power during the interim, or whether it is to proceed according to local district plans which usually authorize the judge to use discretion. Since Congress apparently intended no sanction to be in effect during the phase-in period, H.R.Rep.No.1508, 93rd Cong., 2d Sess. 32 (1974), U.S.Code Cong. & Admin. News, 1974, pp. 7401, 7425; the better reasoned, and majority, view is that the local

district plan controls as to violations and sanctions until the Speedy Trial Act takes effect. Consistent with this view, Congress has amended the period during which the local plans submitted prior to July 1, 1978 govern by extending the expiration date to July 1, 1980. 18 U.S.C. § 3165(e)(2), as amended, P.L. 96–43, § 8, 93 Stat. 329. Accordingly this court will be governed by the Speedy Trial Plan of the Eastern District of North Carolina in determining the merits of Defendants' motions to dismiss.[5]

The Plan in effect at the time of the indictments required any subsequent indictments to be filed within thirty (30) days of the arrest or summons.[6] The plan sets specific time limits for superseding indictments which are defined as a subsequent indictment offense or an indictment which could be joined under Rule 8, F.R.Crim.P., with the original indictment.[7]

In a situation like the instant one in which charges were pending at the time of re-indictment, the superseding indictment must be filed within the time limits applicable to the original indictment. Since that time limit was thirty (30) days, there is a clear violation of the Speedy Trial Plan here. The plan says "any" indictment must be filed in Thirty (30) days, and it means "any".

The refusal of the local plan to allow for corrective indictments after the thirty (30) day period, may appear harsh at first glance, but on closer analysis one sees that

---

**5.** This court informed Defendants that it considers the motion of one to be the motion of all.

**6.** Pursuant to the requirements of Rule 50(b) of the Federal Rules of Criminal Procedure, the Speedy Trial Act of 1974 (18 U.S.C. chapter 208, and the Federal Juvenile Delinquency Act (18 U.S.C. Secs. 5035, 5037), the judges of the United States District Court for the Eastern Division of North Carolina adopted a plan on March 16, 1978 to impose time limits and provide procedural processes in order to minimize undue delay and to further the prompt disposition of criminal cases and certain juvenile proceedings. Section 3 of the North Carolina plan states: "Time within which an Indictment must be filed.
(a) Time Limits. If an individual is arrested or served with a summons and the complaint charges an offense to be prosecuted in this

district, any indictment or information subsequently filed in connection with such charge shall be filed within thirty (30) days of arrest or service. [Sec. 3161(b)]".

**7.** The North Carolina plan further states in Section 5(d)(2):
(d) *Superseding Charges.* If, after an indictment or information has been filed, a complaint, indictment, or information is filed which charges the defendant with the same offense or with an offense required to be joined with that offense, the time limit applicable to the subsequent charge will be determined as follows: (2) *If the original indictment or information is pending at the time the subsequent charge is filed, the trial shall commence within the time limit for commencement of trial on the original indictment or information.* [Sec. 3161(h)(6)].

adequate alternatives were available to the District Attorney. A motion to amend the form of the indictment by changing the caption so as to reflect the true names of the accused, would have been well taken under Rule 7(e), F.R.Crim.P., and the applicable case law. The conspiracy charge could have been the subject to a new indictment, after which a motion to consolidate under Rule 13, F.R.Crim.P. would have been timely.[8] In light of the alternatives available to him, the District Attorney should not be allowed to unilaterally delay trial for more than thirty (30) days through the filing of superseding indictments. By so doing, he violates the fundamental policies of the Speedy Trial Plan.

Had these violations occurred when the Speedy Trial Act sanctions were in effect, this court would have dismissed the indictments under § 3162(a)(1). Under the local plan however, violations may be remedied by dismissal, but it is clear that dismissal is not mandatory.[9] The matter is left to the discretion of the court.

Initially, we find that Defendants were originally indicted within the thirty (30) days provided by 18 U.S.C. § 3161(b). Thus they have been on notice as to the nature of the charges against them since September.

This case does not come under the strict concept Defendants would have this court consider. In this case there have been filed numerous motions, including motions to suppress, objections to the Magistrate's rulings on other motions, motions for disclosure, motions to unseal tapes, and a plethora of the usual pretrial motions now in vogue in criminal cases. The Speedy Trial Plan was initially complied with, and the manner in which the indictments were brought are not offensive and do not justify a dismissal. This is a case in which the balancing test in *United States v. Carini*,

562 F.2d 144 (2nd Cir. 1977) could be applied. Accordingly, the length of delay is considered, and the court finds as a fact that through the complicated and complex nature of the case, if there was any delay, it was justified and excusable. The reason for the delay was in large part, due to the necessity of getting information for the various motions, information which defendants needed, and which the defendants demanded. Further, the defendants did not assert a right to a speedy trial until recently, long after the suppression motions and other motions were filed, taking up the time and energy of the United States in getting the material which defendants demanded for purposes of the motion. Further, there was no prejudice resulting to the defendants from the delay, but rather any delay worked in the defendants' favor in presenting their various motions.

This court also considers relevant the entire circumstances surrounding this complicated drug case. In the first place, this case involves a number of defendants and lawyers, all from different parts of the Eastern United States. Secondly, a plethora of motions made it necessary for both defendants and the government to prepare for the presentation of arguments of those motions in order that the court, hopefully, could make a correct ruling thereon. There is no such delay here as was found in *Carini*. This court has given full order and force to legislative purposes declared in the Speedy Trial Act without regard to personal opinion as to whether it is "good" law, "bad" law or law with part of the good and bad; it is the law. This court is bound by it and finds that the local plan has not been violated in such a manner as to merit dismissal.

---

**8.** The speedy trial problems which would arise from delaying trial on the original indictment until the second case was ready, might be met through a continuance under 18 U.S.C. § 3161(h)(1).

**9.** The North Carolina Plan further states in Section 9(a):

"*Sanctions.* (a) *Dismissal.* Failure to comply with the requirements of Title I of the Speedy Trial Act may entitle the Defendant to dismissal of the charges against him. Nothing in this plan shall be construed to require that a case be dismissed in circumstances in which dismissal would not be required by 18 U.S.C. § 3162."

Therefore, Defendants' motions to dismiss for violation of the Speedy Trial Act having been considered and a violation of the district plan having been found, it is the opinion of this court, in its discretion, that the violation should not result in dismissal. It is the Order of this Court that Defendants' motions to dismiss are denied.

AND IT IS SO ORDERED.