## UNITED STATES

v.

### Harold Omar MACK.

### Crim. No. 78–53–S.

United States District Court, D. Massachusetts.

April 24, 1981.

James F. X. Dinneen, Asst. U. S. Atty., Boston, Mass., for U. S.

Norman Zalkind, Boston, Mass., for defendant.

SKINNER, District Judge.

The defendant originally pleaded guilty to one count of a four count indictment and was sentenced thereon. On a subsequent motion under 28 U.S.C. § 2255, the judgment was vacated by the Court of Appeals and the defendant was given an opportunity to plead again. The mandate issued on December 22, 1980. The defendant has entered new pleas of not guilty to all four counts. The time for trial ran out under 18 U.S.C. § 3161(e) seventy days thereafter.

On April 15, 1981 the defendant filed a motion to dismiss under 18 U.S.C. § 3162.

The original indictment in this case was returned on February 22, 1978. The sanction of dismissal does not apply to cases filed before July 1, 1980. 18 U.S.C. § 3163(c). I conclude that this is true even on remand after appeal in the ordinary case, although *United States v. Callahan*, 579 F.2d 398 (6th Cir. 1978), cited by the government for this proposition, is not good authority because even at the time the issue arose after remand, the effective date of § 3162 had not occurred.

In this case, however, another section of the statute is controlling. Section 3161(i) says that after a plea of guilty is withdrawn, the defendant is "deemed indicted ... within the meaning of section 3161 on the day the order permitting withdrawal of the plea becomes final." Section 3162 imposes sanctions for failure to comply with time limits in § 3161(c), which measures time from indictment to trial. The conclusion is inescapable that the date deemed to be the date of indictment for purposes of § 3161 must also be deemed to be the date of indictment under § 3162. The defendant is accordingly deemed to have been indicted on December 22, 1980, and the sanctions of § 3162 apply to this case.

The government urges that the time be extended to 180 days because of the difficulty in obtaining witnesses, as permitted by § 3161(e). I rule that the government is required to make such a motion before the seventy-day period elapses. The prosecutor is obliged to have made a timely investigation in preparation for trial within the seventy days, so that this should not represent a hardship.[1]

Accordingly, the indictment is DISMISSED with prejudice.

---

1. This issue arises in a case in which the defendant has already served nearly the whole sentence originally imposed upon him, so that the Speedy Trial Act's impact on law enforcement is not as severe as it might otherwise be.